**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN CARLOS RIVAS RIVAS (A No. 203-814-882),<br><br>                    Petitioner,<br><br>v.<br><br>ANDREWS, et al.,<br><br>                    Respondents. | Case No. 1:26-cv-05146-JLT-CDB<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION TO APPOINT COUNSEL AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 2) |

## I.    INTRODUCTION

Before the Court is Juan Carlos Rivas Rivas's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the habeas petition (Doc. 1).

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    FACTUAL BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States in June 2019, where he was encountered by the Department of Homeland Security and released on his own recognizance. (*See* Doc. 7 at 92–93; Doc. 10 at 2.) At that time, DHS issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 7 at 92.) As part of a condition of his release, Petitioner was ordered "not [to] violate any local, State, or Federal laws or ordinances." (Doc. 7 at 93.) On December 12, 2024, an Immigration Judge granted Petitioner's motion to dismiss his removal proceedings. (Doc. 7 at 4; Doc. 8-2 at 9.) On August 13, 2025, Petitioner applied for asylum and withholding of removal, which remains pending. (Doc. 7 at 4.) Petitioner further indicates that he is gainfully employed as a truck driver after obtaining a valid work authorization. (Doc. 1 at 6; *see also* Doc. 7 at 66–68.)

On April 19, 2026, Petitioner was arrested by local police for evading a peace officer while driving in a willful or wanton disregard for the safety of persons or property in violation of Cal. Veh. Code § 2800.2(a). (Doc. 7 at 1; Doc. 8-3 at 1, 3.) Petitioner was then booked into Fresno County Jail and upon submitting his fingerprints into federal databases, Immigration and Customs Enforcement learned that Petitioner was present in the country unlawfully. (Doc. 7 at 1.) On April 29, 2026, the State of California filed criminal charges against the Petitioner in connection with this arrest. (Doc. 8-3 at 1.) On May 4, 2026, Petitioner entered a plea of not guilty. (*Id.* at 5.) The Fresno County Superior Court then released the Petitioner from county jail on a surety bond and ordered him to appear for his next court hearing. (Doc. 8-3 at 5.)

On June 22, 2026, while appearing for his scheduled court hearing at the Fresno County Superior Court, ICE detained the Petitioner. (Doc. 8-1 at 2–3.) In doing so, ICE issued an I-200 Administrative Warrant for his arrest. (*Id.* at 6.) Petitioner claims that he could not attend his

2

scheduled court hearing because ICE arrested him as soon as he arrived at the courthouse. (Doc. 1 at 8; Doc. 10 at 2.) Petitioner's criminal charges appear to remain pending. (*See* Doc. 8-1 at 2–3.) Apart from this charge, Petitioner has no other criminal history. (*Id*. at 3.)

On June 26, 2026, DHS issued a Notice to Appear again charging Petitioner as removable under INA § 212(a)(6)(A)(i). (Doc. 8-2 at 4.) Petitioner's removal proceedings are ongoing, and he is not subject to a final order of removal.[1] (*Id*.) Petitioner was subsequently transferred to the Golden State Annex Detention Facility in McFarland, California, where he remains. (*Id*. at 7.)

### IV.    DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 8 at 1.) Respondents offer little to rebut Petitioner's due process claim and make no effort to distinguish this current case from the numerous cases finding this legal position to be incorrect and the detention unlawful. *See Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Respondents further argue that Petitioner's recent criminal history justifies his re-detention. (Doc. 8 at 1, 3.) Considering Petitioner's recent arrest and charge under Cal. Veh. Code § 2800.2 for driving in a willful or wanton disregard for

---

[1]  Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that the case is pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 13, 2026).

the safety of persons or property, the Court finds that the appropriate remedy here is a bond hearing where the Government bears the burden of proving that Petitioner now poses a danger to the community or flight risk.

For the foregoing reasons, the Court **ORDERS:**

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**;

2.    The motion for appointment of counsel (Doc. 2) is **DENIED AS MOOT**[2];

3.    **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4.    **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5.    Respondents **SHALL** provide a copy of this Order to the Immigration Judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6.    The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

///

///

---

[2] Though Petitioner initially requested appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B), (Doc. 2), Petitioner has since obtained an attorney who entered an appearance in this case. (See Doc. 9.) As such, the Court **DENIES** the motion for appointment to counsel as moot.

7.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  _August 14, 2026_

_____
UNITED STATES DISTRICT JUDGE